Brett A. Schatz, State Bar No. OH 0072038
WOOD HERRON & EVANS, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
bschatz@whe-law.com
P: (513) 241-2324
*Attorney for Defendants Daniel Apke,
Ron Apke, and Land Investing Online*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Smoketree Holding, LLC, an Arizona limited liability company d/b/a Land Academy;<br><br>    Plaintiff,<br><br>  v.<br><br>Daniel Apke and Jane Doe Apke, husband and wife; Ron Apke and Jane Doe Apke II, husband and wife; Land Investing Online, LLC, an Ohio limited liability company; and Does 1 through 10, inclusive,<br><br>    Defendants. | Case No.: CV-22-2123-PHX-DLR<br><br>**DEFENDANTS', DANIEL APKE, RON APKE, AND LAND INVESTING ONLINE, LLC, MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |

## I.   INTRODUCTION

Defendants Daniel Apke, Ron Apke, and Land Investing Online, LLC ("LIO") (collectively "Defendants") move to dismiss the Complaint filed by Plaintiff Smoketree Holding, LLC d/b/a Land Academy ("Land Academy"), based on this Motion and accompanying Memorandum.

Land Academy alleges that Defendants have engaged in copyright infringement (Dkt. 1, at Count II) and contributory infringement (Count IV). However, Land Academy has not pled that a copyright registration exists and also has not identified how or in what manner Defendants have infringed any copyrights, and therefore these

claims should be dismissed.

Land Academy also pleads numerous claims based on the assertion that Defendants misappropriated trade secrets (Counts I-II, V-X). However, Land Academy has not identified any trade secrets and also has not identified how and in what manner Defendants have misappropriated trade secrets; therefore, these claims should be dismissed.

Land Academy also alleges that Defendants engaged in conversion (Count V) and a civil conspiracy (Count VI), breached a covenant of good faith and fair dealing (VIII), engaged in tortious interference (Count IX), and have been unjustly enriched (Count X). However, these claims are preempted, and should therefore be dismissed.

Further with respect to Land Academy's tortious interference allegations (Count IX), Land Academy alleges that Defendants tortiously interfered with a contract, but no third-party contract exists, and therefore this claim should be dismissed.

Finally, Defendants Daniel Apke and Ron Apke have not been served, and therefore all claims against them should be dismissed.

Pursuant to LRCiv 12.1(c), Defendants hereby certify that, before filing this motion, counsel for Defendants notified counsel for Land Academy of the issues asserted in this motion and the Parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. Counsel for Defendants communicated with counsel for Land Academy through telephonic and written notice.

## II. BACKGROUND FACTS

Land Academy alleges that Defendant Daniel Apke entered into an agreement with Plaintiff regarding services for real property investment. (Dkt. 1, at ¶¶ 11-16).

Land Academy alleges that, subsequently, Defendants engaged in copyright infringement and contributory copyright infringement. (Dkt. 1, at Counts III, IV). Land Academy does not allege to have a federal copyright registration. *Id.* Land Academy also did not identify a federal copyright registration, or attach a federal copyright registration certificate to the Complaint. *Id.* Land Academy also did not identify any original material that is the subject of its alleged copyright, and did not identify the manner in which Defendants allegedly infringed Plaintiff's alleged copyright. *Id.* The only description provided by Land Academy regarding the manner in which Defendants infringed copyrights is "a portion of the landacademy.com website" and "other written materials in [Defendant's] written materials." *Id.* at ¶¶ 51, 52.

Land Academy also alleges that it owns a trade secret. *Id.* at ¶ 26. The only description of the alleged trade secret in the Complaint is as follows: "One example of the trade secret information is reflected in the specific way of identifying, buying, and selling land." *Id.* Land Academy claims that certain Defendants misappropriated Land Academy's trade secret. (Dkt. 1, at Counts I, II). Land Academy also claims that Defendants engaged in several torts associated with its trade secret, including conversion (Count V) and civil conspiracy (Count VI). Land Academy also claims that Defendants have breached a contract, and breached a covenant of good faith and fair dealing, by misappropriating Land Academy's trade secret. (Dkt. 1, at Counts VII,

VIII). Land Academy also claims that Defendants tortiously interfered with a contract by misappropriating Plaintiff's trade secrets. (Dkt. 1, at Count IX). Land Academy also claims that Defendants have been unjustly enriched through misappropriation of Land Academy's trade secrets. (Dkt. 1, at Count X). In sum, Counts I – II and V – X are based on Land Academy's alleged trade secret.

**III.    ARGUMENT**

    **A.    LAND ACADEMY'S COPYRIGHT INFRINGEMENT CLAIMS (COUNTS III AND IV) SHOULD BE DISMISSED**

Land Academy alleges that Defendants engaged in copyright infringement and contributory infringement. (Dkt. 1, at Counts III and IV). In order to file and maintain a viable claim for infringement of a copyright, a plaintiff must obtain a copyright registration:

> No action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made… 17 U.S.C. § 411(a). Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright.

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998).

Land Academy has not pled that a copyright registration exists, or identified a copyright registration that is the subject of its claims. *Id.* For this reason alone, Counts III and IV of the Complaint should be dismissed. *Kodadek*, 152 F.3d at 1211. That is because "[c]opyright registration…is a prerequisite to a suit based on a copyright. *Id.*; see also *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989); *Kruska v. Perverted Justice Found. Inc. Org*, No. CV 08-0054-PHX-SMM, 2010 U.S. Dist. LEXIS 80956, at *8 (D. Ariz. Aug. 9, 2010).

4

Land Academy's copyright infringement and contributory infringement claims should be dismissed for an independent reason. A plaintiff asserting copyright infringement must also identify the copyrighted work that has been infringed, and the manner in which a defendant is allegedly infringing a copyright.

Here, Land Academy's claims are based on the following bald, generic statements:

- [Defendant] LIO knowingly, wrongfully, and without permission copied, used, and continue to use a portion of the landacademy.com website on the landinvestingonline.com website.
- [Defendant] LIO knowingly, wrongfully, and without permission copied, used, and continue to use Land Academy's other written materials in LIO's written materials.
- Without authorization, LIO used, republished, distributed, and displayed to the public worldwide Land Academy's work on LIO's website.

(Dkt. 1, at ¶¶ 51-53).

Nowhere in its Complaint does Land Academy identify what parts of the landacademy.com website, or what "other written materials," were copied. In addition, nowhere in its Complaint does Land Academy identify in what portions of Defendants' website or in which of Defendants' documents can the alleged copied materials be found. For this additional reason, Counts III and IV should be dismissed. *Becton v. Cytek Biosciences Inc.*, No. 18-cv-00933-MMC, 2020 U.S. Dist. LEXIS 66423, at *14 (N.D. Cal. Apr. 15, 2020) ("A copyright plaintiff 'must plead some non-speculative facts about what [the defendant] infringed and how.'"); see also *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-CV-02965-SC, 2013 U.S. Dist. LEXIS 153089, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013); *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d

5

637 (S.D.N.Y. 2008) (holding plaintiff must allege "by what acts during what time the defendant infringed the copyright"). By way of example only, a copyright claimant "must submit at least a representative sampling of infringed content." *Becton*, 2020 U.S. Dist. LEXIS 66423, at *15-16; *Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co. Ltd.*, 149 F. Supp. 3d 1167, 1173 (N.D. Cal. 2016).

### B. LAND ACADEMY'S CLAIMS BASED ON TRADE SECRETS (COUNTS I-II AND V-X) SHOULD BE DISMISSED

Land Academy alleges that it possesses a trade secret, which Defendants have misappropriated. The only description of the trade secret provided in the Complaint is a "specific way of identifying, buying, and selling land." (Dkt. 1, at ¶ 26). Based thereon, Land Academy asserts Counts I-II and V-X. However, nowhere does Land Academy provide any additional information regarding its alleged trade secret, or explain how "identifying, buying, and selling land" is not more than general knowledge.

"A plaintiff seeking relief for misappropriation of trade secrets must identify the trade secrets…". *See MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993); *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2022 U.S. Dist. LEXIS 176366, at *21 (W.D. Wash. Sep. 28, 2022). Merely identifying a general category of alleged trade secrets fails because it does not clarify the specific information that is protected. See *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2022 U.S. Dist. LEXIS 176366, at *23 (W.D. Wash. Sep. 28, 2022).

Thus, "[a] plaintiff seeking relief for misappropriation of trade secrets must describe the 'subject matter of the trade secret with sufficient particularity to separate it

6

from matters of general knowledge in the trade or of special knowledge of those persons…skilled in the trade.'" *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 944 (D. Ariz. 2013); quoting *IMAX Corp. v. Cinema Techs. Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998). "Identifying trade secrets with sufficient particularity is important because defendants need 'concrete identification' to prepare a rebuttal." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657-58 (9th Cir. 2020); *Spartan Micro, Inc. v. Dias*, No. 8:21-cv-01630-JVS-KES, 2022 U.S. Dist. LEXIS 118975, at *7 (C.D. Cal. Mar. 24, 2022).

To avoid dismissal, "[t]he alleged unique, innovative, or novel information must be described with specificity and, therefore, 'conclusory' declarations that fail to 'provide concrete examples' are insufficient to support the existence of a trade secret." *Kische USA, LLC v. Simsek*, No. C16-0168JLR, 2016 U.S. Dist. LEXIS 191172, at *15 (W.D. Wash. June 29, 2016); *Robbins, Geller, Rudman & Dowd, LLP v. State*, 179 Wn. App. 711, 328 P.3d 905, 911 (Wash. Ct. App. 2014).

Based on the foregoing, the claims Land Academy has raised based on its alleged trade secret should be dismissed. Identifying, buying, and selling land, which is the only alleged trade secret identified in the Complaint, is general knowledge. However, "[u]nder Arizona law, 'matters of general knowledge cannot be appropriated as secret…". *HTS*, 954 F. Supp. 2d at 944. As a result, Land Academy has not identified the alleged trade secret, and has not described the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge.

Land Academy also failed to allege the manner in which Defendants improperly

used its alleged trade secret. Land Academy's allegations are merely generalized claims and provide no detail whatsoever:

> • In January 2022, LIO launched its website, landinvestingonline.com, which is substantially similar in layout, format, and content to Land Academy's website.
>
> • In March 2022, LIO launched an ebook, podcast, YouTube channel, and other content under a membership or subscription agreement.
>
> • The content offerings used by LIO parrot and misappropriate the content from Land Academy's offerings, and are either direct copies of or derived from Land Academy's Trade Secret.

(Dkt. 1, at ¶¶ 21-23).

Land Academy did not identify how its trade secret was misappropriated. There is also not a single allegation regarding what specific acts by Defendants constitute use of Land Academy's trade secret. For this independent reason, the claims based on Land Academy's trade secret (Counts I-II and V-X) should be dismissed. *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2022 U.S. Dist. LEXIS 176366, at *27 (W.D. Wash. Sep. 28, 2022) ("With respect to misappropriation, 12th Avenue Iron alleges that '[Olson] Kundig and/or Argent misappropriated 12th Ave[nue] Iron's trade secrets to continue to sell and fulfill Tom Kundig Collection orders…Such an allegation, however, is insufficient to establish how 12th Avenue Iron's alleged trade secrets were misappropriated."); *Carl Zeiss Meditec v. Topcon Med. Sys.*, No. 19-4162 SBA, 2019 U.S. Dist. LEXIS 236339, at *19 (N.D. Cal. Nov. 13, 2019) ("breach of contract claim should be dismissed on the ground that the Complaint fails to sufficiently identify the 'trade secret, confidential or proprietary information' that was acquired, used or disclosed in violation of the subject employment and confidentiality agreements.");

*Cascade Designs, Inc. v. Windcatcher Tech. LLC*, No. C15-1310 TSZ, 2016 U.S. Dist. LEXIS 11767, at *7-8 (W.D. Wash. Feb. 1, 2016) (granting dismissal of breach of contract claim due to "failure to more specifically identify what 'trade secrets' or 'confidential and proprietary information'" was misappropriated).

### C. LAND ACADEMY'S CLAIMS FOR CONVERSION (COUNT V), CIVIL CONSPIRACY (COUNT VI), BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT VIII), TORTIOUS INTERFERENCE (COUNT IX), AND UNJUST ENRICHMENT (COUNT X) SHOULD BE DISMISSED

The Arizona Uniform Trade Secrets Act ("AUTSA"), asserted by Land Academy in Count II, "preempts all common law tort claims based on misappropriation of information, whether or not it meets the statutory definition of a trade secret." *HTS*, 954 F. Supp. 2d at 945 – 946; *Universal Engraving, Inc. v. Metal Magic, Inc.*, 2012 U.S. Dist. LEXIS 135234, at *2 (D. Ariz. Sept. 21, 2012); *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, at 1049-50 (D. Ariz. 2010). "Indeed, the statute's purpose of creating uniform standards for liability and eliminating 'other tort causes of action founded on allegations of misappropriation' would be undermined if plaintiffs could circumvent the AUTSA by 'dressing up' misappropriation claims as common-law torts." *Universal Engraving*, 2012 U.S. Dist. LEXIS 135234, at *2 (citing *Firetrace*, 800 F. Supp. at 1048) (AUTSA preempts claims of tortious interference, unfair competition, and aiding and abetting of breach of fiduciary duty).

As a result, Land Academy's claims of conversion (Count V), civil conspiracy (Count VI), breach of the covenant of good faith and fair dealing (Count VIII), tortious interference (Count IX), and unjust enrichment (Count X) are preempted. *HTS*, 954 F.

Supp. 2d at 946; *Food Servs. of Am. Inc. v. Carrington*, 2013 U.S. Dist. LEXIS 14615, at *4 (D. Ariz. Feb. 4, 2013) (plaintiff's tort claims are preempted because they were based on misappropriation of confidential information); *Carl Zeiss Meditec v. Topcon Med. Sys.*, No. 19-4162 SBA, 2019 U.S. Dist. LEXIS 236339, at *16 (N.D. Cal. Nov. 13, 2019); *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 U.S. Dist. LEXIS 176284, 2012 WL 6160472, at *1 (N.D. Cal. Dec. 11, 2012) (dismissing claims for tortious interference with prospective economic advantage, and unfair competition, among others).

By way of specific example, Land Academy's tortious interference claim is preempted because it is based on "misappropriate[ing] Land Academy's Trade Secrets and to create a business using those Trade Secrets." (Dkt. 1, at ¶ 92). That claim is therefore preempted. *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-cv-1670-HRH, 2014 U.S. Dist. LEXIS 9042, at *34-35 (D. Ariz. Jan. 24, 2014) ("the interference claim is based on misappropriation of information and thus preempted by the UTSA.").

Separately, Land Academy's unjust enrichment claim (Count X) is not available because of Land Academy's breach of contract claim. *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2022 U.S. Dist. LEXIS 176366, at *16 (W.D. Wash. Sep. 28, 2022) ("The remedy of unjust enrichment is not available if there is 'a valid contract governs the rights and obligations of the parties.'"); *Firey v. Orozco*, No. 33232-2-III, 2015 Wash. App. LEXIS 2341, at *8 (Wash. Ct. App. Oct. 1, 2015); *see also Ehreth v. Capital One Servs., Inc.*, No. C08-0258RSL, 2008 U.S. Dist. LEXIS 64404, at *3 (W.D. Wash. Aug. 19, 2008).

Land Academy's unjust enrichment claim (Count X) is also based in part upon alleged "misappropriating and using Land Academy's…copyrighted work." (Dkt. 1, at ¶ 96). To the extent Count X is based on Land Academy's copyrighted work, it is preempted. *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1015 n.3 (D. Ariz. 2017); ("claim for unjust enrichment was preempted because it involved the same conduct that would fall under the scope of the Copyright Act"); *Tavormina v. Evening Star Productions, Inc.*, 10 F. Supp. 2d 729, 734 (S.D. Tex. 1998).

### D. LAND ACADEMY'S TORTIOUS INTERFERENCE CLAIM (COUNT IX) SHOULD BE DISMISSED

Land Academy alleges that that "Dan and Ron are members and managers of LIO, and that LIO is the alter-ego of Dan and Ron." (Dkt, 1, at ¶ 4). At the same time, Land Academy alleges that "Dan had a valid contract," and "Ron and LIO wrongfully interfered with that contract." (Dkt. 1, at ¶¶91-92). As a result, there is no third-party contract, and Land Academy has failed to allege any interference with a contract of a third party. *Killingsworth v. State Farm Mut. Auto. Ins. Co.*, No. CV 03-1950-PHX-NVW, 2006 U.S. Dist. LEXIS 6957, at *2-3 (D. Ariz. Feb. 16, 2006) ("as a manager for State Farm acting within the scope of his employment, Gonzales was not separate from State Farm and therefore could not have interfered with the contract of a third party, a requirement for such liability."); *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 905 P.2d 559 (Ariz. Ct. App. 1999); *Barrow v. Ariz. Bd. of Regents*, 158 Ariz. 71, 761 P.2d 145 (Ariz. Ct. App. 1988); *Payne v. Pennzoil Corp.*, 138 Ariz. 52, 672 P.2d 1322 (Ariz. Ct. App. 1983).

11

### E. LAND ACADEMY'S CLAIMS AGAINST DEFENDANTS DANIEL APKE AND RON APKE SHOULD BE DISMISSED

"[A] federal court lacks jurisdiction over a defendant unless he has been properly served…". *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 937-38 (D. Ariz. 2013). Defendants Daniel Apke and Ron Apke have not been served, so all claims against them should be dismissed.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Land Academy's Complaint.

RESPECTFULLY SUBMITTED this 23rd day of March, 2023.

WOOD HERRON & EVANS LLP

s/ Brett A. Schatz
Brett A. Schatz
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 241-2324
bschatz@whe-law.com

Tabitha R. Meyer, State Bar No. 030001
MIDTOWN LAW
2828 N. Central Avenue, Suite 1003
Phoenix, AZ 85004
tmyers@midtownlawaz.com
(602) 900-9333