Brett A. Schatz, State Bar No. OH 0072038
WOOD HERRON & EVANS, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
bschatz@whe-law.com
P: (513) 241-2324
*Attorney for Defendants Daniel Apke,*
*Ron Apke, and Land Investing Online*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Smoketree Holding, LLC, an Arizona limited liability company d/b/a Land Academy;<br><br>Plaintiff,<br><br>v.<br><br>Daniel Apke and Jane Doe Apke, husband and wife; Ron Apke and Jane Doe Apke II, husband and wife; Land Investing Online, LLC, an Ohio limited liability company; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV-22-2123-PHX-DLR<br><br>**DEFENDANTS DANIEL APKE, RON APKE, AND LAND INVESTING ONLINE, LLC ANSWER AND COUNTERCLAIM** |

Defendants Daniel Apke, Ron Apke, and Land Investing Online, LLC ("LIO") (collectively "Defendants"), through undersigned counsel, plead as follows in response to the matters alleged in the Complaint (Dkt. 1) ("Complaint") filed by Smoketree Holding, LLC d/b/a Land Academy ("Land Academy" or "Plaintiff"), and Counterclaims as follows:

## PARTIES

1.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of Land Academy's Complaint and, therefore, deny such allegations.

2.     Defendant Dan Apke admits that he is a resident of the State of Ohio. Defendant Dan Apke is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of Land Academy's Complaint and, therefore, denies such allegations.

3.     Defendant Ron Apke admits that he is a resident of the State of Ohio. Defendant Ron Apke is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of Land Academy's Complaint and, therefore, denies such allegations.

4.     Defendant Land Investing Online, LLC ("LIO") admits that it is a limited liability company organized and existing under the laws of the State of Ohio. Defendants admit that Defendant Dan Apke and Defendant Ron Apke are managers of LIO.  Defendants deny the remaining allegations of paragraph 4 of Land Academy's Complaint.

5.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 of Land Academy's Complaint and, therefore, deny such allegations.

6.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of Land Academy's Complaint and, therefore, deny such allegations.

## JURISDICTION AND VENUE

7.     Defendants admit that the Court has subject matter jurisdiction over Land Academy's federal trade secret claims.

8. Defendants admit that the Court has supplemental jurisdiction over Land Academy's claims.

9. Defendants deny the allegations of paragraph 9 of Land Academy's Complaint.

10. Defendants deny the allegations of paragraph 10 of Land Academy's Complaint.

## FACTUAL ALLEGATIONS

11. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 11 of Land Academy's Complaint and, therefore, deny such allegations.

12. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 of Land Academy's Complaint and, therefore, deny such allegations.

13. Defendants deny the allegations of paragraph 13 of Land Academy's Complaint.

14. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 of Land Academy's Complaint and, therefore, deny such allegations.

15. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 of Land Academy's Complaint and, therefore, deny such allegations.

16. Defendants are without knowledge sufficient to form a belief as to the

truth of the allegations of paragraph 16 of Land Academy's Complaint and, therefore, deny such allegations.

17.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 of Land Academy's Complaint and, therefore, deny such allegations.

18.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 of Land Academy's Complaint and, therefore, deny such allegations.

19.    Defendants deny the allegations of paragraph 19 of Land Academy's Complaint.

20.    Defendants admit the allegations of paragraph 20 of Land Academy's Complaint.

21.    Defendants deny the allegations of paragraph 21 of Land Academy's Complaint.

22.    Defendants deny the allegations of paragraph 22 of Land Academy's Complaint.

23.    Defendants deny the allegations of paragraph 23 of Land Academy's Complaint

24.    Defendants deny the allegations of paragraph 24 of Land Academy's Complaint.

## **COUNT I**

25.    Defendants repeat and re-allege the allegations of the Answer as if fully

set forth herein.

26.     Defendants deny the allegations of paragraph 26 of Land Academy's Complaint.

27.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 27 of Land Academy's Complaint and, therefore, deny such allegations.

28.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28 of Land Academy's Complaint and, therefore, deny such allegations.

29.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29 of Land Academy's Complaint and, therefore, deny such allegations.

30.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30 of Land Academy's Complaint and, therefore, deny such allegations.

31.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31 of Land Academy's Complaint and, therefore, deny such allegations.

32.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 32 of Land Academy's Complaint and, therefore, deny such allegations.

33.     Defendants deny the allegations of paragraph 33 of Land Academy's

Complaint.

34.    Defendants deny the allegations of paragraph 34 of Land Academy's Complaint.

35.    Defendants deny the allegations of paragraph 35 of Land Academy's Complaint.

36.    Defendants deny the allegations of paragraph 36 of Land Academy's Complaint.

## COUNT II

37.    Defendants repeat and re-allege the allegations of the Answer as if fully set forth herein.

38.    Defendants deny the allegations of paragraph 38 of Land Academy's Complaint.

39.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39 of Land Academy's Complaint and, therefore, deny such allegations.

40.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40 of Land Academy's Complaint and, therefore, deny such allegations.

41.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41 of Land Academy's Complaint and, therefore, deny such allegations.

42.    Defendants are without knowledge sufficient to form a belief as to the

truth of the allegations of paragraph 42 of Land Academy's Complaint and, therefore, deny such allegations.

43.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43 of Land Academy's Complaint and, therefore, deny such allegations.

44.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44 of Land Academy's Complaint and, therefore, deny such allegations.

45.    Defendants deny the allegations of paragraph 45 of Land Academy's Complaint.

46.    Defendants deny the allegations of paragraph 46 of Land Academy's Complaint.

47.    Defendants deny the allegations of paragraph 47 of Land Academy's Complaint.

48.    Defendants deny the allegations of paragraph 48 of Land Academy's Complaint.

## **COUNT III**

49.    Defendant LIO repeats and re-alleges the allegations of the Answer as if fully set forth herein.

50.    Defendant LIO is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 50 of Land Academy's Complaint and, therefore, denies such allegations.

51.     Defendant LIO denies the allegations of paragraph 51 of Land Academy's Complaint.

52.     Defendant LIO denies the allegations of paragraph 52 of Land Academy's Complaint.

53.     Defendant LIO denies the allegations of paragraph 53 of Land Academy's Complaint.

54.     Defendant LIO denies the allegations of paragraph 54 of Land Academy's Complaint.

55.     Defendant LIO denies the allegations of paragraph 55 of Land Academy's Complaint.

56.     Defendant LIO denies the allegations of paragraph 56 of Land Academy's Complaint.

57.     Defendant LIO denies the allegations of paragraph 57 of Land Academy's Complaint.

58.     Defendant LIO denies the allegations of paragraph 58 of Land Academy's Complaint.

59.     Defendant LIO denies the allegations of paragraph 59 of Land Academy's Complaint.

## COUNT IV

60.     Defendants Ron Apke and Daniel Apke repeat and re-allege the allegations of the Answer as if fully set forth herein Defendants.

61.     Defendants Ron Apke and Daniel Apke deny the allegations of paragraph

61 of Land Academy's Complaint.

62.     Defendants Ron Apke and Daniel Apke deny the allegations of paragraph 62 of Land Academy's Complaint.

63.     Defendants Ron Apke and Daniel Apke deny the allegations of paragraph 63 of Land Academy's Complaint.

64.     Defendants Ron Apke and Daniel Apke deny the allegations of paragraph 64 of Land Academy's Complaint Defendants.

65.     Defendants Ron Apke and Daniel Apke deny the allegations of paragraph 65 of Land Academy's Complaint.

## **COUNT V**

66.     Defendants repeat and re-allege the allegations of the Answer as if fully set forth herein.

67.     Defendants deny the allegations of paragraph 67 of Land Academy's Complaint.

68.     Defendants deny the allegations of paragraph 68 of Land Academy's Complaint.

69.     Defendants deny the allegations of paragraph 69 of Land Academy's Complaint.

70.     Defendants deny the allegations of paragraph 70 of Land Academy's Complaint.

## **COUNT VI**

71.     Defendants repeat and re-allege the allegations of the Answer as if fully

set forth herein.

72.    Defendants deny the allegations of paragraph 72 of Land Academy's Complaint.

73.    Defendants deny the allegations of paragraph 73 of Land Academy's Complaint.

74.    Defendants deny the allegations of paragraph 74 of Land Academy's Complaint.

75.    Defendants deny the allegations of paragraph 75 of Land Academy's Complaint.

## COUNT VII

76.    Defendant Daniel Apke repeats and re-alleges the allegations of the Answer as if fully set forth herein.

77.    Defendant Daniel Apke denies the allegations of paragraph 77 of Land Academy's Complaint.

78.    Defendant Daniel Apke denies the allegations of paragraph 78 of Land Academy's Complaint.

79.    Defendant Daniel Apke denies the allegations of paragraph 79 of Land Academy's Complaint.

80.    Defendant Daniel Apke denies the allegations of paragraph 80 of Land Academy's Complaint.

81.    Defendant Daniel Apke denies the allegations of paragraph 81 of Land Academy's Complaint.

82.     Defendant Daniel Apke denies the allegations of paragraph 82 of Land Academy's Complaint.

## COUNT VIII

83.     Defendant Daniel Apke repeats and re-alleges the allegations of the Answer as if fully set forth herein,

84.     Defendant Daniel Apke is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 84 of Land Academy's Complaint and, therefore, denies such allegations.

85.     Defendant Daniel Apke denies the allegations of paragraph 85 of Land Academy's Complaint.

86.     Defendant Daniel Apke denies the allegations of paragraph 86 of Land Academy's Complaint.

87.     Defendant Daniel Apke denies the allegations of paragraph 87 of Land Academy's Complaint.

88.     Defendant Daniel Apke denies the allegations of paragraph 88 of Land Academy's Complain.

89.     Defendant Daniel Apke denies the allegations of paragraph 89 of Land Academy's Complaint.

## COUNT IX

90.     Defendants Ron Apke and LIO repeat and re-allege the allegations of the Answer as if fully set forth herein Defendant.

91.     Defendants Ron Apke and LIO deny the allegations of paragraph 91 of

Land Academy's Complaint.

92.     Defendants Ron Apke and LIO deny the allegations of paragraph 92 of Land Academy's Complaint.

93.     Defendants Ron Apke and LIO deny the allegations of paragraph 93 of Land Academy's Complaint.

94.     Defendants Ron Apke and LIO deny the allegations of paragraph 94 of Land Academy's Complaint.

## COUNT X

95.     Defendants repeat and re-allege the allegations of the Answer as if fully set forth herein.

96.     Defendants deny the allegations of paragraph 96 of Land Academy's Complaint.

97.     Defendants deny the allegations of paragraph 97 of Land Academy's Complaint.

98.     Defendants deny the allegations of paragraph 98 of Land Academy's Complaint.

99.     Defendants deny the allegations of paragraph 99 of Land Academy's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Count III and Count IV of the Complaint require a copyright registration as a prerequisite to filing, and no valid copyright registration has been pled or exists.

**Second Affirmative Defense**

Insufficient process and insufficient service of process.

**Third Affirmative Defense**

Count VII and Count VIII of the Complaint are based on a contract that has not been established to exist, is not valid, and is unconscionable, including with respect to the assertion that one or more defendants agreed not to provide education of any kind to any unrelated 3rd party from themselves including, but not limited to, starting, operating or being involved in the following in any way; a podcast, live broadcast on the internet, television or film, education products, consulting, guidance or related information providing.

**Fourth Affirmative Defense**

The acts complained of in the Complaint are privileged and justified, as a part of furtherance of the business of one or more Defendants.

**Fifth Affirmative Defense**

At least Counts V, VI, and VIII-X of the Complaint are preempted.

**Sixth Affirmative Defense**

No third-party contract has been identified or interfered with by one or more Defendants.

**Seventh Affirmative Defense**

Plaintiff has breached and failed to perform pursuant to the contract that forms the basis for one or more of Plaintiff's claims.

**Eighth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands because, upon information and belief, Plaintiff made false statements regarding one or more Defendants, and breached and failed to perform pursuant to the contract that forms the basis for one or more of Plaintiff's claims. Due to Plaintiff's unclean hands, it is not entitled to any relief.

**RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in its Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court: a. Enter a judgment in favor of Defendants and against Plaintiff; b. Award Defendants all reasonable attorneys' fees, costs, and disbursements; and c. Award Defendants any other and further relief as the Court deems just and proper.

**COUNTERCLAIM**

For Its Counterclaim against Smoketree Holding, LLC d/b/a Land Academy ("Land Academy" or "Plaintiff"), Daniel Apke, Ron Apke, and Land Investing Online, LLC ("LIO") (collectively "Defendants"), through undersigned counsel, Counterclaim as follows:

**INTRODUCTION**

1.      Defendants incorporate by reference herein their responses and

Affirmative Defenses as set forth in its Answer to Complaint and Affirmative Defenses.

2.     Plaintiff has filed suit against Defendants, including causes of action for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing.

## PARTIES

3.     Plaintiff is, and at all times relevant hereto was, a limited liability company organized and existing under the laws of the State of Arizona.

4.     Defendant Daniel Apke is a resident of the State of Ohio.

5.     Defendant Ron Apke is a resident of the State of Ohio.

6.     Defendant Land Investing Online, LLC ("LIO"), is a limited liability company organized and existing under the laws of the State of Ohio.

## SUBJECT MATTER JURISDICTION

7.     This Counterclaim arises in response to the Complaint filed by Plaintiff, and as such the Court has jurisdiction based on 28 U.S.C. § 1367.  The Court also has jurisdiction based on the contract upon which Plaintiff has asserted against Defendants.

## PERSONAL JURISDICTION

8.     Plaintiff is subject to personal jurisdiction in this Court because it has filed a Complaint against Defendants in this Court, and also because it (1) transacts business within this state at least through its website landacademy.com; (2) has committed a tortious act within this state, as described herein; (3) regularly does or solicits business in this state; and (4) is a limited liability company organized and existing under the laws of this state.

1

**VENUE**

2      9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(2) and

3  1391(b)(2) because a substantial part of the events giving rise to the claim occurred in

4  this judicial district, including where tortious acts have occurred and based on the

5
6  contract upon which Plaintiff has asserted against Defendants.

7                           **FACTUAL BACKGROUND**

8      10.     Plaintiff has asserted that Defendant Daniel Apke entered into a contract

9  with Plaintiff, pertaining to real estate investment.

10

11     11.     Pursuant to said contract, Defendant Daniel Apke paid to Plaintiff a

12  monthly membership fee.

13     12.     Pursuant to the terms of the contract, Defendant Daniel Apke contacted

14  Plaintiff and attempted to cancel the contract, and gave Plaintiff written instructions to

15
16  cancel the contract.

17     13.     Defendant Daniel Apke repeatedly contacted Plaintiff and attempted to

18  cancel the contract, and repeatedly gave Plaintiff written instructions to cancel the

19  contract.

20
21     14.     Plaintiff acknowledged that Defendant Daniel Apke had repeatedly

22  instructed Plaintiff to cancel the contract.

23     15.     Despite having repeatedly been instructed to cancel the contract, Plaintiff

24  knowingly and intentionally continued to charge Defendant Daniel Apke a monthly

25
26  membership fee on an ongoing basis.

27     16.     In connection with its business, Plaintiff has made statements to the public

regarding Defendants.  By way of example only, Plaintiff has stated that Defendants have copied everything that [Plaintiff has] done and said.  This is false, because Defendants have not copied everything that Plaintiff has done and said, contrary to Plaintiff's statement.

17.     Plaintiff knows that Defendants have not copied everything that Plaintiff has done and said, contrary to Plaintiff's statement, and Plaintiff was aware that Defendants have not copied everything that Plaintiff has done and said, contrary to Plaintiff's statement, when Plaintiff made the statement.  As such, Plaintiff's conduct is knowing, intentional, and undertaken with malice.

18.     In connection with its business, and in connection with real estate transactions, Plaintiff has stated that Defendants have done less than 10 deals.  This is false, because Defendants have done more than 10 deals, contrary to Plaintiff's statement.

19.     Plaintiff knows that Defendants have not done less than 10 deals, contrary to Plaintiff's statement, and Plaintiff was aware that Defendants have not done less than 10 deals, contrary to Plaintiff's statement, when Plaintiff made the statement.  As such, Plaintiff's conduct is knowing, intentional, and undertaken with malice.

20.     In connection with its business, Plaintiff has stated that Defendants are just regurgitating stuff and that Defendants have no real deal experience.  This is false, because Defendants are not just regurgitating stuff, and Defendants have real deal experience, contrary to Plaintiff's statement.

21.     Plaintiff knows that Defendants are not just regurgitating stuff, and

Defendants have real deal experience, contrary to Plaintiff's statement, and Plaintiff was aware that Defendants are not just regurgitating stuff, and Defendants have real deal experience, when Plaintiff made the statement.  As such, Plaintiff's conduct is knowing, intentional, and undertaken with malice.

22.    Plaintiff's statements were made in connection with its business and made available through its website landacademy.com.

23.    Plaintiff's statements were distributed to the public by Plaintiff for the purpose of selling, offering for sale, and marketing its products and services, and tarnishing the products and services of Defendants.

24.    Plaintiff's statements were distributed to a significant portion of customers and potential customers of Plaintiff and Defendants, including those interested in real estate investment.

25.    Plaintiff's statements are literally false.  Plaintiff's statements are also misleading statements of fact in a commercial advertisement that implicitly convey a false impression.

26.    The statements that Plaintiff has made relate to matters that are considered important by potential customers of Plaintiff and Defendants in connection with the decision to purchase real estate investment products and services, and have and had the tendency to influence which real estate investment products and services to purchase and which real estate investment products and services not to purchase.

27.    Knowing the aforementioned statements to be false, Plaintiff caused the statements to be distributed to the public, is responsible for the statements being

distributed to the public, and is responsible for the false statements.  Plaintiff did so with malice and ill-will toward Defendants.

28.     Plaintiff's false statements have the tendency to harm Defendants either by direct diversion of sales from Defendants to Plaintiff or by causing an unjustifiable loss of goodwill associated with Defendants and its products and services.

**COUNT I**

**False Advertising and Unfair Competition**
**Under Lanham Act § 43(a) (15 U.S.C. § 1125)**

29.     Defendants incorporate into Count I Paragraphs 1-28 above with the same force and effect as if again set forth fully herein.

30.     This cause of action arises under the Lanham Act, 15 U.S.C. § 1125.  The Lanham Act prohibits the use of any false or misleading description or representation of fact in commercial advertising that misrepresents the nature, characteristics, qualities, or geographic origin of goods and services.

31.     Plaintiff made materially false statements, and statements that implicitly convey a false impression, regarding Defendants and their products and services, and their relative nature and qualities.

32.     Plaintiff knew that its statements were false and conveyed a false impression.  Plaintiff also knew that it did not have a sufficient factual basis to make the statements it did about Defendants and their products and services.

33.     Knowing its statements were false, Plaintiff made these statements with reckless disregard for the truth, and with malice.

34.     Defendants have suffered and continues to suffer damages as a result of Plaintiff's false statements.

## COUNT II

### Defamation

35.     Defendants incorporate into Count II Paragraphs 1-34 above with the same force and effect as if again set forth fully herein.

36.     Plaintiff made false, misleading, defamatory, and disparaging statements regarding Defendants and their products.

37.     Plaintiff knew its statements regarding Defendants and their products were false and made them with reckless disregard for the truth.

38.     Plaintiff's false statements were not privileged.

39.     Plaintiff's statements to third parties, customers, prospective customers, and others in the industry, were made for the purpose of damaging Defendants' reputation and goodwill in the industry and to discourage customers and prospective customers from purchasing products and services from Defendants.

40.     As a proximate result of the wrongful acts of the Plaintiff complained of herein, Defendants have suffered and will continue to suffer irreparable harm to its business and good will, and other damages which are compensable by law.

## COUNT III

### Deceptive Trade Practices based on State Law

41.     Defendants incorporate into Count III Paragraphs 1-40 above with the same force and effect as if again set forth fully herein.

42.     Plaintiff made false, misleading, defamatory, and disparaging statements regarding Defendants and their products, in violation of Arizona's Consumer Fraud Act, A.R.S. 44-1521 et seq.

43.     Plaintiff knew its statements regarding Defendants and their products were false and made them with reckless disregard for the truth.

44.     Plaintiff's false statements were not privileged.

45.     Plaintiff's statements to third parties, customers, prospective customers, and others in the industry, were made for the purpose of damaging Defendants' reputation and goodwill in the industry and to discourage customers and prospective customers from purchasing products and services from Defendants.

46.     As a proximate result of the wrongful acts of the Plaintiff complained of herein, Defendants have suffered and will continue to suffer irreparable harm to its business and good will, and other damages which are compensable by law.

## COUNT IV

### Breach of Contract

47.     Defendant Daniel Apke incorporates into Count IV Paragraphs 1-46 above with the same force and effect as if again set forth fully herein.

48.     To the extent Plaintiff and Defendant Daniel Apke entered into an enforceable contract, Plaintiff had a duty to allow Defendant Daniel Apke to cancel, and to make cancellation by Defendant Daniel Apke reasonable.

49.     Plaintiff breached any such agreement by engaging in the conduct described in this Counterclaim, and by not allowing Defendant Daniel Apke to cancel,

and by not making cancellation by Danial Apke reasonable.

50.     Plaintiff also breached any such agreement by continuing to charge Defendant Daniel Apke monthly subscription fees.

51.     Defendant Daniel Apke has performed all of his obligations under any such agreement, except for those excused from performance by Plaintiff's material breach.

52.     As a direct and proximate result of Plaintiff's breaches, Defendant Daniel Apke has suffered consequential damages in an amount according to proof at trial.

53.     This action arises out of contract, and Defendant Daniel Apke therefore requests an award of its reasonable attorneys' fees and costs incurred in this action, including pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01.

## COUNT V

### Breach of the Covenant of Good Faith and Fair Dealing

54.     Defendant Daniel Apke incorporates into Count V Paragraphs 1-53 above with the same force and effect as if again set forth fully herein.

55.     Implied in every contract in Arizona is a covenant of good faith and fair dealing, whereby a party is prohibited from acting in such a way so as to deprive any other party from receiving the benefit of their bargain.

56.     Defendant  Daniel Apke performed all of his obligations under any such agreement, or was excused from doing so by Plaintiff's actions.

57.     Plaintiff breached the covenant of good faith and fair dealing by not allowing Defendant Daniel Apke to cancel, and by not making cancellation by

Defendant Danial Apke reasonable, despite its obligations otherwise.

58.　　As a direct and proximate result of Plaintiff's breach, Defendant Daniel Apke has been damaged in an amount according to proof at trial.

59.　　This action arises out of contract, and Defendant Daniel Apke therefore requests an award of its reasonable attorneys' fees and costs incurred in this action pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01.

## Defendants' Jury Demand

Defendants demand a trial by jury for all issues so triable.

## Defendants' Prayer for Relief

WHEREFORE, Defendants request the following relief:

A.　　For compensatory damages in an amount according to proof at trial;

B.　　For consequential, incidental, and special damages in an amount according to proof at trial;

C.　　For exemplary or punitive damages as permitted by law;

D.　　For injunctions prohibiting Plaintiff from ongoing conduct complained of herein;

E.　　For reasonable costs and attorneys' fees to the extent permitted by law, statute, or agreement, including A.R.S. § 12-341.01 if this matter is contested;

F.　　For an award of pre-judgment and post-judgment interest from the earliest time permitted and at the highest rate provided by law; and,

G.　　For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 23rd day of March, 2023.

WOOD HERRON & EVANS LLP


s/ Brett A. Schatz
Brett A. Schatz
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 241-2324
bschatz@whe-law.com


Tabitha R. Meyer, State Bar No. 030001
MIDTOWN LAW
2828 N. Central Avenue, Suite 1003
Phoenix, AZ 85004
tmyers@midtownlawaz.com
(602) 900-9333