Brad A. Denton, #016454
Brad@DentonPeterson.com
Sterling R. Peterson, #020628
Sterling@DentonPeterson.com
Jay Parmelee, #034477
Jay@DentonPeterson.com

**DENTON PETERSON DUNN**
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smoketree Holding, LLC, an Arizona limited liability company d/b/a Land Academy; | Case No. 2:22-cv-02123-DLR |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| Daniel Apke and Jane Doe Apke, husband and wife; Ron Apke and Jane Doe Apke II, husband and wife; Land Investing Online, LLC, an Ohio limited liability company; and Does 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Smoketree Holding, LLC d/b/a Land Academy ("Land Academy) respectfully requests that the Court deny Defendants' Motion to Dismiss. Defendants seek to dismiss Land Academy's trade secret claims because Land Academy's description of the trade secret meets the notice pleading standard, rather than a summary judgment standard. Defendants mistakenly rely on law that has been overturned to support their argument that all of Defendants common law tort and contract claims should be dismissed. In contradiction of Fed. R. Civ. P. 8(e)(2) and well-established law, Defendants request that the Court dismiss all of Land Academy's claims that were brought in the alternative, because they were brought in the alternative. Finally, Defendants Daniel and Ron Apke request that the Court remove them as Defendants, claiming

they have not been served, when they accepted service and acknowledged their acceptance of service back in February. The Court should deny Defendants' Motion to Dismiss.

### A.   LAND ACADEMY WITHDRAWS ITS COPYRIGHT CLAIMS.

After further review of the intellectual property at issue in this lawsuit, Land Academy has realized that Defendants infringed its trade secrets, rather than any copyrightable material. As such, Land Academy agrees to withdraw its copyright claims, which are Counts III and IV of its complaint.

### B.   LAND ACADEMY'S CLAIMS BASED ON TRADE SECRETS (COUNTS I-II AND V-X) ARE PLAUSIBLE ON THEIR FACE.

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *CDK Glob. LLC v. Brnovich*, 461 F. Supp. 3d 906, 913 (D. Ariz. 2020) quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.*, quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Id.*, quoting *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Id.*, quoting *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Id.*, quoting *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

DPD  DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

1    In *Joshua David Mellberg LLC v. Will*, the district court of Arizona held that the
2    plaintiff's description of its trade secrets satisfied the notice pleading standard "because it
3    plausibly appears that trade secrets are involved." 96 F. Supp. 3d 953, 964 (D. Ariz. 2015). In
4    its complaint, the plaintiff in *Joshua* alleged that defendant "hosted an unauthorized webinar
5    using proprietary JDM materials, and postemployment with JDM, gained unauthorized access
6    to JDM web domain and, with that access secured, in November 2013 … illegally downloaded
7    the content of those sites, including all of JODM's training and education videos []". *Id.* at 963.
8    The court reasoned that plaintiff was not required to disclose the actual trade secrets in the
9    complaint, and that it was sufficient for plaintiff to allege broad categories of confidential
10   information. *Id.* at 964.

11   Defendants argue that Land Academy identified a trade secret that "is general
12   knowledge." (Motion to Dismiss, p. 7). However, Land Academy alleged in the complaint that
13   the trade secret, "is not generally known in the real estate industry." (Complaint, ¶ 13).
14   Defendants attempt to avoid the well-known principle that allegations of material fact are taken
15   as true and construed in the light most favorable to the non-moving party by asserting that Land
16   Academy did not describe the trade secret with "sufficient particularity to separate it from
17   matters of general knowledge." (Motion to Dismiss, p. 7). Defendants fail to recognize that
18   Land Academy described its trade secret with the same, if not greater, particularity as the
19   plaintiff in *Joshua*. Land Academy alleged that it "teaches a very specific way of identifying,
20   buying, and selling land," and that "the process is not generally known in the real estate
21   industry, was developed by Land Academy and its founders, and is a trade secret." (Complaint,
22   ¶ 13). Like the plaintiff in *Joshua*, Land Academy alleged a category of confidential
23   information in its complaint rather than disclose its actual trade secrets. Consequently, just as
24   the existence of trade secrets was plausible based on the description of trade secrets plead in
25   *Joshua*, Land Academy's description of its trade secrets is sufficient to meet the notice pleading
26   standard.

27   Defendants also argue that "Land Academy did not identify how its trade secret was
28   misappropriated." (Motion to Dismiss, p. 8). That is not true. Land Academy alleges in the

1    complaint that Defendants offer a podcast, YouTube channel, and other content under a

2    membership or subscription agreement that include the trade secret and/or are derived from the

3    trade secret. (Complaint, ¶¶ 23-24). Defendants assert that Land Academy's allegations

4    "provide no detail whatsoever," but then cite paragraphs from the complaint where Land

5    Academy specifies the dates, methods, and manner in which Defendants misappropriated Land

6    Academy's trade secret. (Motion to Dismiss, p. 8). Land Academy is not required to meet

7    Defendants' personal standard for specificity in the complaint, but rather the notice pleading

8    standard. Because Land Academy's trade secret claims are plausible on their face, the Court

9    should not dismiss them.

10       It is worth noting that Defendants chose to rely on cases where the court considered a

11   motion for summary judgment or default judgment, not a motion to dismiss, and

12   nonprecedential cases only available as a slip copy, rather than cite *Joshua*, an Arizona district

13   court case which is directly on point. In every precedential case cited by Defendants in Section

14   B of their Motion to Dismiss, the court was considering a motion for summary judgment or

15   default judgment, not a motion to dismiss. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991

16   F.2d 511 (9th Cir. 1993); *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927 (D. Ariz. 2013); *Imax Corp.*

17   *v. Cinema Techs., Inc.*, 152 F.3d 1161 (9th Cir. 1998); *InteliClear, LLC v. ETC Glob. Holdings,*

18   *Inc.*, 978 F.3d 653 (9th Cir. 2020). All of the other cases relied on by Defendants in Section B

19   of their Motion to Dismiss are: slip copies from Washington federal and state cases where the

20   court considered whether dismissal or summary judgment was appropriate under Washington's

21   trade secret act, and slip copies from California federal cases. The Court should apply the

22   reasoning of the court in *Joshua* to the facts of this case, and deny Defendants' request for the

23   Court to dismiss Land Academy's trade secret claims.

24   **C.    LAND ACADEMY'S CLAIMS FOR CONVERSION (COUNT V), CIVIL
              CONSPIRACY (COUNT VI), BREACH OF THE COVENANT OF GOOD
25            FAITH AND FAIR DEALING (COUNT VIII), TORTIOUS INTERFERENCE
              (COUNT IX), AND UNJUST ENRICHEMNT (COUNT X) ARE NOT
26            PREEMPTED BY AUTSA.**

27       The Arizona Uniform Trade Secrets Act ("AUTSA") displaces only conflicting tort

28   claims for "misappropriation" of a "trade secret," terms AUTSA specifically defines, A.R.S. §

DPD  DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213
DPD

1  44–401(2), (4), and leaves undisturbed claims "that are not based on misappropriation of a trade
2  secret," *id.* § 44–407(A), (B)(2). *Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 182,
3  337 P.3d 545, 547 (2014). The legislature did not intend to displace any cause of action other
4  than one for misappropriation of a trade secret. *Id.* Furthermore, a plaintiff can assert both
5  claims for breach of a confidentiality clause and for violation of a trade secrets act when
6  defendants' actions are prohibited by both a contract and independent statutory law. *Gordon*
7  *Grado M.D., Inc. v. Phoenix Cancer & Blood Disorder Treatment Inst. PLLC,* 603 F. Supp. 3d
8  799, 820 (D. Ariz. 2022). Claims for misappropriation and breach of contract based on the same
9  facts are routinely asserted by plaintiffs. *Id.*

10     In the Motion to Dismiss, Defendants request that the Court dismiss Land Academy's
11  claims for conversion, conspiracy, breach of the covenant of good faith and fair dealing,
12  tortious interference, and unjust enrichment (the "Allegedly Preempted Claims") based on
13  language in *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 945-946 (D. Ariz. 2013) that AUTSA,
14  "preempts all common law tort claims based on misappropriation of information, whether or
15  not it meets the statutory definition of a trade secret." Defendants fail to recognize that the
16  quoted language is no longer good law as of the Supreme Court of Arizona's holding in *Orca*
17  in 2014. 236 Ariz. 180 at 182, 337 P.3d 545 at 547. *See also Joshua David Mellberg LLC v.*
18  *Will*, 96 F. Supp.3d 953, 961 (D. Ariz. 2015).

19     The Allegedly Preempted Claims are not based on misappropriation of a trade secret,
20  but rather misappropriation of confidential information *that is not a trade secret*. Land
21  Academy notes that it defined "Trade Secret" in its complaint to not only include "trade secrets"
22  as defined by AUTSA, but also to include confidential information that does not meet the
23  statutory definition of a trade secret. (Complaint, ¶ 13). Consequently, any allegation in the
24  complaint that Defendants misappropriated "Trade Secrets" means that Defendants
25  misappropriated "trade secrets as defined by AUTSA, trade secrets as defined by DTSA, and
26  other confidential information." In the complaint, Plaintiff alleges that Defendants converted
27  the "Trade Secrets and other confidential information of Land Academy." (Complaint, ¶¶ 67-
28  69). Plaintiff further alleges, in support of the Allegedly Preempted Claims, that the Defendants

1  misappropriated Land Academy's "Trade Secrets" and created a business using those "Trade
2  Secrets" to directly compete with Land Academy." (Complaint, ¶¶¶¶ 72, 87, 92, and 96).
3  Pursuant to Land Academy's definition of "Trade Secrets" in the Complaint, Land Academy
4  alleged that each of the Allegedly Preempted Claims is based on the misappropriation of
5  confidential information that is not a trade secret under AUTSA. Consequently, the Court
6  should deny Defendants' request that the Court dismiss Land Academy's Allegedly Preempted
7  Claims.

8  **D.  LAND ACADEMY'S UNJUST ENRICHMENT (COUNT X) AND TORTIOUS INTERFERENCE (COUNT IX) CLAIMS ARE PLEAD IN THE**
9  **ALTERNATIVE.**

10  Defendants request that the Court dismiss Land Academy's unjust enrichment and
11  tortious interference claims because the claims are not available to Land Academy if Land
12  Academy succeeds on all of its other arguments. (Motion to Dismiss, p. 10-11). However, under
13  Fed. R. Civ. P. 8(e)(2) a pleader can assert alternative claims even if the claims are inconsistent.
14  *Ryan v. Foster & Marshall, Inc.*, 556 F.2d 460, 463 (9th Cir. 1977). The Court should not
15  dismiss Land Academy's unjust enrichment and tortious interference claims because they are
16  alternative claims.

17  **E.  DEFENDANTS DANIEL APKE AND RON APKE WAIVED SERVICE BY FILING AN ANSWER.**
18
19  Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a
20  party receives sufficient notice of the complaint. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398,
21  1404 (9th Cir. 1994). Authorities are uniform in holding that a defendant, even in the face of a
22  properly raised insufficiency of process defense, may waive that defense by seeking affirmative
23  relief from the court, which usually arises when a defendant files a voluntary counter-claim or
24  cross-claim. *Nat'l Homes Corp. v. Totem Mobile Home Sales, Inc.*, 140 Ariz. 434, 437, 682
25  P.2d 439, 442 (Ct. App. 1984) citing *Carlton v. Emhardt,* 138 Ariz. 353, 674 P.2d 907
26  (App.1983) and *W.S. Kincade v. Jeffrey-De Witt Insulator Corp.,* 242 F.2d 328 (5th Cir.1957).
27  The rationale for the rule is that if a party invokes the power of the court for its own purpose,
28  / / /

DPD  DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

it cannot be allowed the inconsistent objection that the forum was personally inconvenient to it. *Id.*

On February 10, 2023, Attorney Brett A. Schatz informed Land Academy that he represented Defendants Daniel and Ron Apke (collectively the "Apkes") and would accept service on their behalf. Four days later, the Apkes filed a stipulation for extension of time to respond to the complaint, thereby acknowledging their February 10, 2023 acceptance of service. On March 23, 2023, the Apkes filed an answer to Land Academy's complaint and a counterclaim against Land Academy. The Apkes have accepted service via email, recognized their obligation to respond to the complaint, acknowledged that they have received the complaint, have appeared in this suit, and have invoked the power of the court for their own purpose. The Apkes are estopped from arguing they have not been served because they accepted service and acknowledged their acceptance of service. Likewise, the Apkes have waived any argument they have that service was deficient by filing a counterclaim.

If the Court disagrees and holds the Apkes have not been served and have not waived service, Plaintiff requests that the Court extend the time for Plaintiff to serve the Apkes until May 6, 2023. There is good cause for Plaintiff's requested extension because Plaintiff reasonably believed the Apkes accepted service on February 10, 2023 based on the email from the Apkes' counsel and their subsequent stipulation for extension of time to respond to complaint. Plaintiff anticipates that, if the Court grants Plaintiff's requested extension, that the Apkes will timely fulfill their promise to accept service, to the extent they have not already done so.

## F.    CONCLUSION

For the foregoing reasons, Land Academy respectfully requests that the Court deny Defendants' Motion to Dismiss. If the Court is inclined to grant any or all of Defendants' requests in their Motion to Dismiss, Land Academy requests that the Court grant Land Academy leave to amend its Complaint and correct the issues identified by the Court.

/ / /

/ / /

DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

RESPECTFULLY SUBMITTED this 6th day of April, 2023.

**DENTON PETERSON DUNN, PLLC**

/s/ Jay Parmelee
Brad A. Denton
Sterling R. Peterson
Jay Parmelee
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorneys for Plaintiff*

ORIGINAL of the foregoing e-filed
this 6th day of April, 2023; and
COPY of the foregoing mailed and emailed this same day to:

Brett A. Schatz
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
bschatz@whe-law.com

Tabitha R. Meyer
MIDTOWN LAW
2828 N. Central Avenue, Suite 1003
Phoenix, AZ 85004
tmyers@midtownlawaz.com

/s/ Lindsey Rice