Brett A. Schatz, State Bar No. OH 0072038
WOOD HERRON & EVANS, LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
bschatz@whe-law.com
P: (513) 241-2324
*Attorney for Defendants Daniel Apke,
Ron Apke, and Land Investing Online*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Smoketree Holding, LLC, an Arizona limited liability company d/b/a Land Academy;<br><br>Plaintiff,<br><br>v.<br><br>Daniel Apke and Jane Doe Apke, husband and wife; Ron Apke and Jane Doe Apke II, husband and wife; Land Investing Online, LLC, an Ohio limited liability company; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV-22-2123-PHX-DLR<br><br>**DEFENDANTS', DANIEL APKE, RON APKE, AND LAND INVESTING ONLINE, LLC, REPLY IN SUPPORT OF MOTION TO DISMISS** |

**I.   INTRODUCTION**

Defendants Daniel Apke, Ron Apke, and Land Investing Online, LLC ("LIO") (collectively "Defendants") respectfully submit this Reply in Support of their Motion to Dismiss.  As explained in their Motion, and in this Reply, Defendants' Motion should be granted.  Plaintiff Smoketree Holding, LLC d/b/a Land Academy ("Land Academy") concedes several of Defendants' arguments, and its Response simply did not address other aspects of Defendants' Motion.

## II. ARGUMENT

### A. LAND ACADEMY'S COPYRIGHT INFRINGEMENT CLAIMS (COUNTS III AND IV) SHOULD BE DISMISSED

In its Response, Land Academy does not dispute that it (1) has not pled that a copyright registration exists, (2) has not identified a copyright registration that is the subject of its claims, and (3) has not identified the copyrighted work that has allegedly been infringed. (Dkt. 22, at 2). For each of these three independent reasons, Land Academy's claims for copyright infringement (Count III) and contributory infringement (Count IV) should be dismissed. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989); *Kruska v. Perverted Justice Found. Inc. Org*, No. CV 08-0054-PHX-SMM, 2010 U.S. Dist. LEXIS 80956, at *8 (D. Ariz. Aug. 9, 2010).

Land Academy's comment that it "agrees to withdraw its copyright claims" (Dkt. 22, at 2) is ineffective – there is no "agreement," and Land Academy has not satisfied any of the requirements of Rule 41 of the Federal Rules of Civil Procedure.

### B. LAND ACADEMY'S CLAIMS BASED ON TRADE SECRETS (COUNTS I-II AND V-X) SHOULD BE DISMISSED

In their Motion, Defendants cited several cases, from several different district courts in the Ninth Circuit, that endorse the already well-established requirement that a plaintiff claiming misappropriation of trade secrets "must describe the 'subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade…'". (Dkt. 18, at 6-7)(*citing e.g., HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 944 (D. Ariz. 2013)). In its Response, Land Academy complains that the

2

cases cited by Defendants are not from Arizona, and were not decided in the context of a motion to dismiss.  What Land Academy fails to acknowledge is that the cases cited by Defendants are from district court cases also located in the Ninth Circuit, and that several of them were, in fact, in the context of a motion to dismiss. *See, e.g., Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2022 U.S. Dist. LEXIS 176366, at *23 (W.D. Wash. Sep. 28, 2022)(granting motion to dismiss misappropriation of trade secrets claim for failure to identify the alleged trade secrets); *Spartan Micro, Inc. v. Dias*, No. 8:21-cv-01630-JVS-KES, 2022 U.S. Dist. LEXIS 118975, at *7 (C.D. Cal. Mar. 24, 2022)(granting motion to dismiss misappropriation of trade secrets claim "because [Plaintiff] has failed to identify misappropriated trade secrets with sufficient particularity…").

More importantly, Land Academy does not and cannot dispute the law.  "A plaintiff seeking relief for misappropriation of trade secrets must identify the trade secrets…".  *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 522 (9th Cir. 1993).  Further, according to the only case relied upon by *Land Academy*, this is the law in the context of a motion to dismiss, the same procedural context present here.  That case is *Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953 (D. Ariz. 2015).

As a preliminary matter, it is interesting to note that the *Joshua* case, relied upon by Plaintiff, cites to the same cases cited by Defendants in their Motion (and complained about by Plaintiff).  Thus, there is no dispute about the law, *i.e.*, in the context of a motion to dismiss, "[a] plaintiff seeking relief for misappropriation of trade secrets must describe the subject of the trade secret with sufficient particularity to

separate it from matters of general knowledge in the trade…". *Joshua*, 96 F. Supp. 3d at 963, quoting *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 944 (D. Ariz. 2013) and *IMAX Corp. v. Cinema Techs. Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998). Both *HTS* and *IMAX* were cited and relied upon by Defendants in their Motion. (Dkt. 18, at 7).

In the context of these cases, it is important to note that the only description of the alleged trade secret in the Complaint is a "specific way of identifying, buying, and selling land." (Dkt. 1, at ¶ 26). Nowhere does Land Academy provide any additional information regarding its alleged trade secret, or explanation of how a "specific way of identifying, buying, and selling land" is different than what is generally known. Plaintiff offers no explanation or detail about its alleged trade secret, or the manner in which it is "specific" to Plaintiff. Plaintiff does concede, as it must, that identifying, buying, and selling land is well known, and general knowledge in the trade.

This general description is insufficient under *Joshua*, *HTS*, and *IMAX*, each of which requires more detail about how the alleged trade secret is not more than general knowledge. For example, in *Joshua*, the identified trade secrets included the plaintiff's client and marketing lists, advertising data, call center metrics, scripts, and training and educational videos. *Joshua*, 96 F. Supp. 3d at 964. The *Joshua* court noted the complaint specifically alleged the "physical manifestations and embodiments of Plaintiff's trade secrets." *Id.* at 965. This was the basis for the *Joshua* court's decision:

> Finally, the FAC alleges misappropriation of more than general knowledge; Defendants are charged with misappropriating and using [Plaintiff's] actual, physical proprietary information – the physical manifestations of Plaintiff's trade secrets.

*Id.*

The rationale of the *Joshua* court explains precisely why the complaint there was sufficient, and why the Complaint in this case is not – a complaint must identify with particularity what the alleged trade secret is, and what a defendant has allegedly misappropriated. In *Joshua*, the court determined that the plaintiff identified with particularity the trade secret that the defendant allegedly misappropriated, *e.g.*, client and marketing lists, advertising data, call center metrics, scripts, and training and educational videos. For this same reason, Land Academy is wrong when it argues that "it was sufficient for plaintiff [in *Joshua*] to allege broad categories of information." (Dkt. 22, at 3). Simply, the *Joshua* did not decide that.

Unlike the facts in *Joshua*, Land Academy's Complaint does nothing more than identify general information that is well-known to the industry: identifying, buying, and selling land. Indeed, there are countless ways to identify, buy, and sell land, all of which are well-known to the industry. Under all of the cases cited by both Defendants and Land Academy, merely identifying a general category of alleged trade secrets, as Land Academy does here, fails because it does not identify the specific information that is protected.

Land Academy also failed to allege the manner in which Defendants improperly used its alleged trade secret, another prerequisite. *Olson Kundig, Inc. v. 12th Ave. Iron*, Inc., No. C22-0825JLR, 2022 U.S. Dist. LEXIS 176366, at *27 (W.D. Wash. Sep. 28, 2022). As background, the only allegations pertaining to Defendants' allegedly unlawful use are found in Paragraphs 21-24 of the Complaint. (Dkt. 1, at ¶¶ 21-24).

In Paragraph 21, Land Academy alleges Defendants' website "is substantially similar in layout, format, and content to Land Academy's website." Land Academy's website is publicly available information, and therefore cannot support Land Academy's trade secret claims or explain how Defendants improperly used an alleged trade secret.

In Paragraphs 22-24, Land Academy alleges that Defendants "launched an ebook, podcast, YouTube channel, and other content" and that "[t]he content offerings…misappropriate the content from Land Academy's offerings." These allegations provide no information about how Land Academy's trade secret has allegedly been used by Defendants. That is because Defendants have been involved with many podcasts, including hundreds of episodes. And, Defendants have been involved with hundreds of YouTube videos. As a result, there is also not a single allegation regarding what specific acts by Defendants constitute use of Land Academy's trade secret. For this independent reason, the claims based on Land Academy's trade secret should be dismissed. *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.*, No. C22-0825JLR, 2022 U.S. Dist. LEXIS 176366, at *27 (W.D. Wash. Sep. 28, 2022) ("With respect to misappropriation, 12th Avenue Iron alleges that '[Olson] Kundig and/or Argent misappropriated 12th Ave[nue] Iron's trade secrets to continue to sell and fulfill Tom Kundig Collection orders…Such an allegation, however, is insufficient to establish how 12th Avenue Iron's alleged trade secrets were misappropriated.").

For these reasons, the claims that Land Academy has raised based on trade secret misappropriation (Counts I-II and V-X) should be dismissed.

### C. LAND ACADEMY'S CLAIMS FOR CONVERSION (COUNT V), CIVIL CONSPIRACY (COUNT VI), BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (COUNT VIII), TORTIOUS INTERFERENCE (COUNT IX), AND UNJUST ENRICHMENT (COUNT X) SHOULD BE DISMISSED

Land Academy's Response to Defendants' preemption argument is based on a false representation regarding its Complaint. In its Response, Land Academy alleges that "it defined 'Trade Secret' in its complaint to not only include 'trade secrets' as defined by AUTSA, but also to include confidential information that does not meet the statutory definition of a trade secret." Land Academy cites solely to Paragraph 13 of the Complaint for support. (Dkt. 22, at 5). Land Academy's representation is false, a fact easily determined by reviewing Paragraph 13 of the Complaint:

> 13. Land Academy teaches a very specific way of identifying, buying, and selling land. The process is not generally known in the real estate industry, was developed by Land Academy and its founders, and is a trade secret (the "Trade Secret").

(Dkt. 1, at ¶ 13).

Land Academy did not, contrary to its argument, define "Trade Secret" in its complaint to include confidential information that does not meet the statutory definition of a trade secret. Rather, the only information it alleges was misappropriated is a "trade secret," and defined it for purposes of the Complaint as the "Trade Secret."

Land Academy concedes in its Response, including by citing and relying upon A.R.S. § 44-401, that the Arizona Uniform Trade Secrets Act ("AUTSA") preempts all common law tort claims based on misappropriation of trade secrets.

7

(Dkt. 22, at 4-5). For this reason alone, Counts V-VI and VIII - X should be dismissed.

There is an additional problem with Land Academy's argument, which independently demonstrates that dismissal is appropriate. Specifically, the causes of action against Defendants are *solely* based on misappropriation of Land Academy's "Trade Secret." By way of example only, in connection with Count IX, Land Academy's allegation is that Defendants "wrongfully interfered with that contract by inducing Dan to misappropriate Land Academy's Trade Secrets and to create a business using those Trade Secrets to directly compete with Land Academy…". (Dkt. 1, at ¶ 92). Nowhere in connection with Count IX of the Complaint does Land Academy make any allegations regarding confidential information that does not meet the statutory definition of a trade secret. Rather, Count IX is solely based on misappropriation of the "Trade Secret."

By way of another example, Count X of the Complaint alleges that "Defendants have been unjustly enriched by, among other things, misappropriating and using Land Academy's Trade Secrets…". (Dkt. 1, at ¶ 96). Once again, nowhere in connection with Count X of the Complaint does Land Academy make any allegations regarding confidential information that does not meet the statutory definition of a trade secret.

There is yet a third independent reason why Land Academy's Response fails to avoid dismissal. Nowhere has Land Academy identified what its alleged confidential information is, as distinguished from its alleged "Trade Secret," much less the manner in which the confidential information, apart from the alleged trade secret, was used by

Defendants. (Dkt. 1).

For these three independent reasons, Land Academy's claims of conversion (Count V), civil conspiracy (Count VI), breach of the covenant of good faith and fair dealing (Count VIII), tortious interference (Count IX), and unjust enrichment (Count X) are preempted.

**D. LAND ACADEMY'S TORTIOUS INTERFERENCE CLAIM (COUNT IX) AND UNJUST ENRICHMENT CLAIM (COUNT X) SHOULD BE DISMISSED**

There is no dispute that under appropriate circumstances and pursuant to Rule 8(d)(2), claims can be brought in the alternative. However, that does not relieve a party from pleading claims as required by the law. Thus, even if pleaded in the alternative as argued by Land Academy, that does not save Counts IX and X. As explained above, Counts IX and X should be dismissed. And, as explained immediately below, Count IX should be dismissed for an entirely independent reason.

**E. LAND ACADEMY'S TORTIOUS INTERFERENCE CLAIM (COUNT IX) SHOULD BE DISMISSED**

Land Academy does not respond to Defendants' Motion to Dismiss Count IX, based on the fact that no third-party contract exists. As explained in Defendants' Motion, Land Academy alleges that that "Dan and Ron are members and managers of LIO, and that LIO is the alter-ego of Dan and Ron" (Dkt, 1, at ¶ 4) and that "Ron and LIO wrongfully interfered with [Dan's] contract." (Dkt. 1, at ¶¶91-92). As a result, there is no third-party contract, and Land Academy has failed to allege any interference with a contract of a third party. *Killingsworth v. State Farm Mut. Auto. Ins. Co.*, No. CV

03-1950-PHX-NVW, 2006 U.S. Dist. LEXIS 6957, at *2-3 (D. Ariz. Feb. 16, 2006) ("as a manager for State Farm acting within the scope of his employment, Gonzales was not separate from State Farm and therefore could not have interfered with the contract of a third party, a requirement for such liability."); *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 905 P.2d 559 (Ariz. Ct. App. 1999); *Barrow v. Ariz. Bd. of Regents*, 158 Ariz. 71, 761 P.2d 145 (Ariz. Ct. App. 1988); *Payne v. Pennzoil Corp.*, 138 Ariz. 52, 672 P.2d 1322 (Ariz. Ct. App. 1983). Land Academy utterly failed to respond; therefore, Count IX should be dismissed.

### F. LAND ACADEMY'S CLAIMS AGAINST DEFENDANTS DANIEL APKE AND RON APKE SHOULD BE DISMISSED

Undersigned counsel does not dispute he informed counsel for Land Academy that he represented Defendants Daniel and Ron Apke, and further does not dispute he represented that he would accept service on their behalf. However, undersigned counsel has not received service from Land Academy or its counsel, and Land Academy does not assert that it served undersigned counsel or Defendants Daniel and Ron Apke. Therefore, Defendants Daniel and Ron Apke have not been served (either directly or indirectly through undersigned counsel). "[A] federal court lacks jurisdiction over a defendant unless he has been properly served…". *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 937-38 (D. Ariz. 2013). Defendants Daniel Apke and Ron Apke have not been served, so all claims against them should be dismissed.

### G.  LAND ACADEMY'S REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED

Without any argument or support, and in a single sentence at the very end of its Response, Land Academy requests leave to amend the Complaint. (Dkt. 22, at 7).  Land Academy's request should be denied, for several reasons.  It violates LRCiv 15.1, fails to present a proposed amended pleading, and fails to present its request by motion.  Land Academy also failed to address the relevant factors for leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  Land Academy's violations leave the Court without any explanation of the manner in which Land Academy proposes to amend its Complaint.  Land Academy's violations also prevent the Court from considering the merits of Land Academy's request, evaluating the proposed amendment, or determining whether leave to amend is appropriate.  Land Academy's violations also leave Defendants without any understanding of the bases for its request, or any ability to consider what Land Academy proposes to do, all of which effectively denies Defendants the opportunity to meaningfully object.

### III.  CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss Land Academy's Complaint.

RESPECTFULLY SUBMITTED this 13th day of April, 2023.

WOOD HERRON & EVANS LLP


s/ Brett A. Schatz
Brett A. Schatz
600 Vine Street, Suite 2800
Cincinnati, OH 45202
(513) 241-2324
bschatz@whe-law.com


Tabitha R. Meyer, State Bar No. 030001
MIDTOWN LAW
2828 N. Central Avenue, Suite 1003
Phoenix, AZ 85004
tmyers@midtownlawaz.com
(602) 900-9333