**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smoketree Holding LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Daniel Apke, et al.,<br><br>　　　　Defendants. | No. CV-22-02123-PHX-DLR<br><br>**ORDER** |

Before the Court is a motion to dismiss Plaintiff Smoketree Holdings, LLC d/b/a Land Academy's ("Land Academy") complaint, filed on behalf of Defendants Daniel Apke ("Dan"), Ron Apke ("Ron"), and Land Investing Online, LLC ("LIO") (collectively, "Defendants"). (Doc. 18.) The motion is fully briefed (Docs. 22, 23) and, for the reasons below, will be granted in part and denied in part.

**I.　　Background**

Land Academy was created in 2014 as an online educational platform that provides individuals with professional level real estate investment resources. (Doc. 1 ¶ 11.) To access Land Academy's educational resources a paid subscription or membership is required. (*Id.* ¶ 14.) All members must agree to specific terms and conditions when signing up for Land Academy's services. (*Id.* ¶ 15.) These terms and conditions include "Restrictions on Use," which prohibit members from using any information obtained via Land Academy's educational offerings to start their own real estate educational service.

(*Id.* ¶ 17.) Land Academy also offers a podcast, YouTube channel, written materials, and other electronic tools and software. (*Id.* ¶ 12.) These services teach a specific way of identifying, buying, and selling land which, according to Land Academy, constitutes a trade secret. (*Id.* ¶ 13.)

In December 2020, Ron subscribed to Land Academy and became an actively paying member. (*Id.* ¶ 16.) In November 2021, Ron and his brother, Dan, registered LIO in Ohio. (*Id.* ¶ 20.) Like Land Academy, LIO is a subscription-based online educational platform that provides resources relating to real estate investments for a fee. (*Id.* ¶ 21.) By March 2022, LIO was operating a website and had launched an ebook, podcast, YouTube channel, and other content under its subscription membership. (*Id.* ¶ 22.) At all relevant times, Ron remained an actively paying member of Land Academy, with his membership set to expire in January 2023. (*Id.* ¶ 19.)

Land Academy claims that Defendants used Dan's Land Academy membership to misappropriate Land Academy's trade secret in their creation of LIO's website and other content offerings. (*Id.* ¶ 23.) Based on this allegation, Land Academy filed a ten-count complaint on December 15, 2022. (*Id.*) Against Defendants, Land Academy alleges violations of the Defend Trade Secrets Act ("DTSA") and Arizona's Uniform Trade Secrets Act ("AUTSA") (Counts I and II), conversion (Count V), civil conspiracy (Count VI), and unjust enrichment (Count X).

Against Dan, Land Academy alleges contributory infringement (Count IV), breach of contract (Count VII), and breach of the covenant of good faith and fair dealing (Count VIII). Against Ron, Land Academy alleges contributory infringement (Count IV) and tortious interference with contract (Count IX). Lastly, against LIO, Land Academy alleges copyright infringement (Count III) and tortious interference with contract (Count IX).

Defendants have moved to dismiss all claims except the breach of contract claim against Dan for failure to state a claim. Ron and Dan have additionally moved to dismiss Land Academy's entire complaint as to them due to insufficient process of service. (Doc. 18.) In response, Land Academy voluntarily withdrew Counts III and IV relating to

copyright. Those counts therefore are dismissed without further discussion, and the balance of this order will address the remaining claims and arguments.

## II. Failure to State a Claim

### a. Legal Standard

"To avoid a [Federal Rule of Civil Procedure] 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The Court's task merely is to determine whether those well-pled factual allegations plausibly state a claim to relief under governing law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### b. Discussion

Defendants argue that Land Academy has failed to sufficiently plead a trade secret as defined by both AUTSA and DTSA. For all relevant purposes, AUTSA adopts the language of DTSA, so Counts I and II necessarily rise and fall together. *See Enterprise Leasing Co. of Phoenix v. Ehmke*, 3 P.3d 1064, 1068 (Ariz. Ct. App. 1999). Defendants also argue that Land Academy's claims of conversion (Count V), civil conspiracy (Count VI), breach of the covenant of good faith and fair dealing (Count VIII), tortious interference (Count IX), and unjust enrichment (Count X), are preempted by AUTSA.

#### i. Trade Secret

AUTSA defines a trade secret as:

> (4) . . . information, including a formula, pattern, compilation, program, device, method, technique or process, that both:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A.R.S. § 44-401(4).[1]

Defendants argue that Land Academy fails to sufficiently plead a trade secret and has instead only pled matters of general knowledge. (Doc. 18 at 7.) Land Academy defines its trade secret as "teach[ing] a very specific way of identifying, buying, and selling land." (Doc. 1 ¶ 13.) Land Academy claims this "specific way" of teaching was solely developed by Land Academy and its founders and is therefore not generally known in the real estate industry. (*Id.*)

The Court agrees with Defendants. Land Academy is not required to plead its trade secret in such detail that it "would amount to an effective surrender of the trade secret." *BioD v. Amnio Tech., LLC*, No. 2:13-CV-1670-HRH, 2014 WL 268644, at *7 (D. Ariz. Jan. 24, 2014) (internal quotation and citation omitted). But to meet federal pleading standards, the complaint must "provide sufficient notice of the trade secrets at issue such that the defendants receive 'fair notice' of what is being claimed as the relevant trade secrets and [can] 'defend [themselves] effectively.'" *GlobalTranz Enterprises Inc. v. Shipper's Choice Global LLC*, No. CV-16-04038-PHX-ROS, 2017 WL 11609546, at *5 (D. Ariz. Feb. 23, 2017) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). As currently pled, it is impossible to determine what parts of Land Academy's teaching methods, if any, go beyond general knowledge and rise to the level of a trade secret.

In arguing otherwise, Land Academy relies on *Joshua David Mellberg v. Will*, 96 F.Supp.3d 953 (D. Ariz. 2015). In that case, the allegations were deemed sufficient because plaintiffs described categories of information that plausibly were secret, such as "confidential client lists," "advertising data," "call center metrics," "proprietary sales processes, metrics, and scripts." The same was true in *W.L. Gore & Assocs. v. GI Dynamics, Inc.* (*Gore I*), on which *Joshua* relied. No. CV-10-8088-PHX-GMS, 2010 WL 5184254 (D. Ariz. Dec. 15, 2010). In *Gore I*, the complaint alleged categories of information like "market studies," "financial information," and "manufacturing methods," all of which could plausibly be secret. In contrast, Land Academy's complaint does not

---

[1] DTSA's materially similar definition is found at 18 U.S.C. § 1839(3).

identify categories of information that, by their nature, plausibly cross over from matters of general knowledge to trade secrets. Land Academy's complaint only says, "a very specific way of identifying, buying, and selling land," but identifying, buying, and selling land is an essential part of the real estate industry. Merely asserting that the teaching method "is not generally known in the real estate industry" is insufficient. Unlike client lists, internal advertising data, or financial information, which on their face are the types of propriety information one might expect to be private, how to buy and sell land, without more, is not the type of information that plausibly is a secret in the real estate industry.

Though Land Academy need not divulge its purported trade secret in its complaint, it must plead enough factual matter to make its allegations plausible and to give Defendants fair notice. Viewed in its entirety, the Court finds that Land Academy has failed to plead sufficient factual matter to make it plausible that its "very specific way of identifying, buying, and selling land," is outside general public knowledge or not readily ascertainable by proper means. Counts I and II therefore are dismissed.

### ii. Preemption

AUTSA includes the following preemption provision:

> A. Except as provided in subsection B, this chapter displaces conflicting tort, restitutionary and other laws of this state providing civil remedies for misappropriation of a trade secret.
>
> B. This chapter does not affect:
>
> 1. Contractual remedies, whether or not based on misappropriation of a trade secret.
>
> 2. Other civil remedies that are not based on misappropriation of a trade secret.
>
> 3. Criminal remedies, whether or not based on misappropriation of a trade secret.

A.R.S. § 44-407.

Defendants argue that, as currently pled, Land Academy's claims of conversion (Count V), civil conspiracy (Count VI), breach of the covenant of good faith and fair dealing (Count VIII), tortious interference (Count IX), and unjust enrichment (Count X)

are preempted by A.R.S. § 44-407 because they are predicated on Land Academy's alleged trade secret. (Doc. 18 at 9.)

Land Academy agrees that AUTSA preempts tort claims based on the misappropriation of trade secrets. (Doc. 22 at 4-5.) But it argues that its complaint defines "Trade Secret" to include both confidential information that rises to the statutory definition of a trade secret and confidential information that does not meet the statutory definition of a trade secret. Land Academy then argues that Counts V, VI, VIII, IX, and X are based on misappropriation of the confidential information that does not meet the statutory definition of a trade secret and therefore are not preempted. (Doc. 22 at 5.) The Court disagrees.

It is true that "AUTSA does not displace common-law claims based on alleged misappropriation of confidential information that is not a trade secret." *Orca Communications Unlimited, LLC v. Noder*, 337 P.3d 545, 546 (Ariz. 2014). But Land Academy's complaint, as presently drafted, is not reasonably read as covering both trade secrets and confidential information that does not rise to the level of a trade secret. To support its contrary contention, Land Academy cites to paragraph 13 of its complaint, but that paragraph merely states: "Land Academy teaches a very specific way of identifying, buying, and selling land. The process is not generally known in the real estate industry, was developed by Land Academy and its founders, and is a trade secret (the 'Trade Secret')." (Doc. 1 ¶13.) Nowhere does that paragraph even hint that this "very specific way of identifying, buying, and selling land" includes confidential information that is not a trade secret. Nor does the complaint define "confidential information" or otherwise give Defendants fair notice of what sort of information forms the basis of the tort claims, rather than the statutory misappropriation of trade secrets claims.

Because, as presently drafted, the tort claims in Counts V, VI, IX, and X are predicated on an alleged trade secret, they are preempted by AUTSA.[2] The same is not true, however, for Land Academy's bad faith claim, which sounds in contract not tort.

---

[2] The Court need not address Defendants' alternative arguments for dismissing Count IX because the preemption argument is dispositive for present purposes.

Though there are circumstances where bad faith sounds in tort, those circumstances typically arise in the insurance context. *See Midtown Hotel Group LLC v. Selective Ins. Co. of Am.*, No. CV-22-01395-PHX-JAT, 2023 WL 3603677, *3 (D. Ariz. May 23, 2023). Here, Land Academy's bad faith claim arises out of the contract Dan entered into with Land Academy when he signed up for its services in December 2020. Because the claim is contractual, it is not preempted by AUTSA.

Accordingly, Land Academy's claims for conversion (Count V), civil conspiracy (Count VI), tortious interference (Count IX) and unjust enrichment (Count X) are dismissed. The motion to dismiss the bad faith claim against Dan (Count VIII), however, is denied.

### iii. Leave to Amend

In a single sentence in the conclusion of its response brief, Land Academy requests leave to amend its complaint. (Doc. 22 at 7.) This request is denied without prejudice because it does not comply with LRCiv. 15.1(a) or this Court's standard order discouraging motions to dismiss (Doc. 12). If Land Academy believes it can allege additional facts to cure the deficiencies identified in this order, it may file a motion for leave to amend that complies with LRCiv. 15.1(a). Should Land Academy file such a motion, it should include an explanation for why it failed to follow the procedure outlined in paragraph 3 of the Court's standard order. (Doc. 12 at 2.)

### III. Insufficient Process of Service

#### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process under Rule 4. The serving party bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "[I]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

#### b. Discussion

Dan and Ron move to dismiss the entirety of Land Academy's complaint as to them based on insufficient service of process. The parties agree that Dan and Ron's attorney, Mr. Schatz, agreed to accept service on their behalf. (Doc. 22 at 6; Doc. 23 at 10.) Mr. Schatz denies ever being served by Land Academy for Dan and Ron. (Doc. 23 at 10-11.) Land Academy alleges that Mr. Schatz accepted service via email and further acknowledged acceptance by filing a stipulation for extension of time to respond to the complaint. (Doc. 22 at 7.) There is no evidence of any email from Mr. Schatz accepting service. The only affidavit of service filed by Land Academy is for service on LIO. It therefore appears that service as to Dan and Ron was insufficient.

However, when service is technically insufficient, substantial compliance with Rule 4 can avoid dismissal. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). Substantial compliance requires that: "(a) the party that has to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Whale v. U.S.*, 792 F.2d 951, 953 (9th Cir. 1986) (internal quotation and citation omitted).

Though Land Academy's excuse for failing to properly serve Dan and Ron is weak, the balance of factors weighs in favor of finding substantial compliance. Dan and Ron clearly have actual notice of this lawsuit and will not be prejudiced from the defect in service. Indeed, they not only have appeared but also have filed counterclaims against Land Academy, meaning Dan and Ron have voluntarily subjected themselves to this Court's jurisdiction. Land Academy would be prejudiced by the dismissal of its claims under such circumstances. For these reasons, Dan and Ron's motion to dismiss for insufficient service is denied.

## IV.     Conclusion

The Court grants Defendants' motion to dismiss Land Academy's claims for violations of DTSA and AUTSA (Counts I and II) due to the failure to adequately plead a trade secret.

The Court also grants Defendants' motion to dismiss Land Academy's claims for conversion (Count V), civil conspiracy (Count VI), tortious interference (Count IX), and unjust enrichment (Count X), as these torts (as currently pled) are preempted by AUTSA.

The claims for copyright infringement (Count III) and contributory infringement (Count IV) are dismissed based on Land Academy's voluntary withdrawal of these claims.

The Court denies Defendants' motion to dismiss Land Academy's claim for bad faith against Dan, as it sounds in contract and therefore is not preempted by AUTSA. The Court denies Land Academy's one-sentence, non-compliant request for leave to amend, but without prejudice to Land Academy filing a motion for leave to amend that complies with LRCiv. 15.1(a).

Lastly, the Court denies Dan and Ron's motion to dismiss Land Academy's complaint in its entirety due to insufficient service of process because there was substantial compliance with Rule 4.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

Dated this 29th day of September, 2023.

Douglas L. Rayes
United States District Judge