WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smoketree Holding LLC, | No. CV-22-02123-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel Apke, et al., | |
| Defendants. | |

Plaintiff Smoketree Holdings, LLC d/b/a Land Academy brought a ten-count complaint against Defendants Daniel Apke ("Dan"), Ron Apke ("Ron"), and Land Investing Online ("LIO"). (Doc. 1.) Defendants filed a partial motion to dismiss (Doc. 18), which the Court granted in part (Doc. 39). Specifically, the Court dismissed Land Academy's (1) state and federal misappropriation of trade secrets claims due to the failure to adequately plead a trade secret; (2) conversion, civil conspiracy, tortious interference with contractual relations, and unjust enrichment claims because, as pled, they were preempted by Arizona's trade secrets statue, and (3) copyright infringement claims based on Land Academy's voluntary withdrawal of the claims. The Court denied Land Academy's barebones request for leave to amend because it did not comply with Local Rule of Civil Procedure 15.1(a) or this Court's standard order discouraging motions to dismiss (Doc. 12). But the Court allowed Land Academy to renew its motion for leave to amend in a compliant manner.

Now before the Court is Land Academy's renewed motion for leave to amend (Doc. 43), which is fully briefed (Docs. 44, 45).[1] A party seeking to amend a pleading after the date specified in the scheduling order first must show good cause for modifying the scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). If good cause supports deviation from the scheduling order, the Court then assess the propriety of the motion for leave to amend by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Absent of any of these reasons, leave to amend should be freely given. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants oppose Land Academy's motion for four reasons: (1) Land Academy failed initially to follow this Court's procedure for seeking leave to amend and (2) has failed to show good cause for amending the scheduling order, (3) leave to amend would prejudice Defendants, and (4) the proposed amendments are all futile. (Doc. 44.) The Court is unpersuaded.

First, although Land Academy admittedly failed to follow the Court's amended procedures the first time around, it explains that its failure was due to a good faith misunderstanding of the procedure. The Court finds no bad faith on Land Academy's part.

Second, the Court finds good cause to permit amendment after the deadline set forth in the scheduling order because Land Academy diligently moved for leave to amend after receiving this Court's order explaining that its complaint and its barebones request for leave to amend were deficient.

---

[1] Defendants move for leave to file a sur-reply. (Doc. 48.) The Local Rules do not provide for sur-replies, and because sur-replies are highly disfavored, courts generally do not allow them absent extraordinary circumstances, such as to respond to new evidence or arguments raised for the first time in a reply brief. *See Sims v. Paramount Gold and Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010). Defendants motion is denied because they have not shown extraordinary circumstances justify a sur-reply. The arguments contained in Land Academy's reply brief are not impermissible new arguments; they are permissible rebuttable to points raised by Defendants in their response brief.

Third, the Court does not find Defendants will be prejudiced by the amendment. Prior to the Court's dismissal order, the parties had already engaged in substantial discovery based on Land Academy's original complaint. Land Academy's proposed amended complaint includes no new claims that would require separate discovery that varies from the discovery that already should have been done based on the original pleading. Further, the Court retains discretion to extend or reopen discovery if Defendants can show it is necessary based on the amended pleading.

Lastly, the proposed amendments are not futile. Land Academy has rectified the Court's concerns regarding its trade secrets claims by pleading specific categories of information that plausibly could be considered trade secrets. Defendants' futility arguments largely concern matters outside the pleadings. But when assessing the sufficiency of a complaint, the Court does not consider extra-pleading material. Instead, it accepts as true well-pled factual allegations and construes them in the light most favorable to the plaintiff. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Land Academy also has rectified the Court's concerns regarding its state law torts claims by clarifying that those claims are brought in the alternative, in the event any of its alleged trade secrets are found to fall into the less protected category of "confidential information." In that alternative scenario, Arizona's trade secrets statute would not preempt the tort claims. Accordingly,

**IT IS ORDERED** that Land Academy's motion for leave to amend (Doc. 43) is **GRANTED**. Land Academy shall file its amended complaint by no later than **February 27, 2024**.

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file a sur-reply (Doc. 48) is **DENIED**.

Dated this 23rd day of February, 2024.

Douglas L. Rayes
United States District Judge